FILED
2026 Mar-18 PM 12:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **THE BURLINGTON INSURANCE COMPANY,** | ) | |
| **Plaintiff** | ) | |
| **VS.** | ) | **CIVIL ACTION NO:** |
| **CAMEO NICOLE WESTMORELAND, AS ADMINISTRATOR OF ESTATE OF JOSHUA WESTMORELAND, JON'S TREE SERVICE, LLC, JON PIERCE, MAR PROPERTIES, LLC, MOBILE FLEET SPECIALISTS OF BIRMINGHAM, INC.** | ) | |
| **Defendants.** | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, the Plaintiff, The Burlington Insurance Company ("TBIC"), and files the following Complaint for Declaratory Judgment, stating as follows:

**PARTIES**

1. Plaintiff TBIC is an Illinois corporation with its principal place of business in Connecticut.

2. Defendant Cameo Nicole Westmoreland ("Westmoreland"), as the appointed Personal Representative and Administrator of the Estate of Joshua T. Westmoreland ("Deceased"), is upon information and belief an adult citizen of the

State of Alabama and is over the age of 19. Westmoreland is the plaintiff in the Underlying Action, styled *Westmoreland Cameo Nicole v. Jon's Tree Service, LLC, MAR Properties, LLC, Mobile Fleet Specialists of Birmingham, Inc., Piece, Jon, et al.*, and assigned 01-CV-2023-903604 (hereinafter "Underlying Action"). The Underlying Action is currently pending in the Birmingham Division of Jefferson County, Alabama before the Honorable Tamara Harris Johnson. Defendant Westmoreland was the wife/spouse of the Deceased at the time of his death. Upon information and belief, Cameo Westmoreland was a resident of Chilton County, Alabama at the time of Joshua Westmoreland's death.

3. Defendant Jon's Tree Service, LLC (hereinafter "Jon's or Jon's Tree Service") is an Alabama limited liability company whose sole member, Jon Pierce, is an individual adult resident citizen of the State of Alabama. Jon's is the named insured under the TBIC policy of insurance that is the subject of this action. (*See* TBIC policy attached hereto as Ex. A at p. 3). Jon's is a Defendant in the Underlying Action and is currently being defended by its Workers' Compensation Insurance Carrier.

4. Defendant Jon Pierce (hereinafter "Mr. Pierce") is an individual adult citizen of the State of Alabama. Upon information and belief, Mr. Pierce is the sole member of Jon's Tree Service, LLC. Mr. Pierce is a Defendant in the Underlying Action and is currently being defended by TBIC pursuant to a reservation of rights.

5. Defendant MAR Properties, LLC is domestic limited liability company and a Defendant in the Underlying Action (hereinafter "MAR"). Upon information and belief, MAR's sole member, Margaret M. Rickles is a resident of Jefferson County, Alabama.

6. Defendant Mobile Fleet Specialists of Birmingham, Inc. is an Alabama corporation with its principal place of business in Jefferson County, Alabama. Mobile Fleet is also a Defendant in the Underlying Action (hereinafter "Mobile Fleet").

**JURISDICTION AND VENUE**

7. This is an action for declaratory judgment relief pursuant 28 U.S.C. §§ 2201, *et. seq.* and Rule 57 of the Federal Rules of Civil Procedure.

8. This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because there is diversity of citizenship between the Plaintiff and the Defendants.

9. The insurance policy at issue in this declaratory judgment action provides for a per occurrence limit of liability, which exceeds the sum of $75,000.00. The projected cost to TBIC of defending the Underlying Action (described herein in Paragraphs 11 to 19) also exceeds the $75,000.00 threshold. Moreover, the amount in controversy in the Underlying Action is in excess of $75,000.00, exclusive of

interest and costs.

10. Venue of this declaratory judgment action is proper in the Southern Division of the Northen District of Alabama pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to this claim occurred in Jefferson County, Alabama, which is within this judicial district and division. For instance, the Underlying Action is currently pending in the Circuit Court of Jefferson County, Alabama.

## FACTUAL AND PROCEDURAL BACKGROUND

11. The Underlying Action subject to this Declaratory Judgment arises from Joshua Westmoreland's fall from a skylight while working on a construction site located in Birmingham Alabama. The fall occurred on July 26, 2022 and Mr. Westmoreland passed away on August 9, 2022.

12. On December 1, 2022, Jon's filed a declaratory judgment action in the Circuit Court of Shelby County against "Kim Westmoreland" regarding the employment status of Joshua Westmoreland at the time of the fall. Jon's declaratory judgment was eventually transferred to the Circuit Court of Jefferson County, Alabama and assigned CV-2024-000125.

13. On October 9, 2023, Mr. Westmoreland's Estate filed a separate lawsuit against Jon's, Pierce, MAR, and Mobile Fleet in the Circuit Court of Jefferson County, Alabama, assigned CV-2023-903604. This action included wrongful death

claims against all defendants as well as claims under the Alabama Workers Compensation Act and the Employer's Liability Act against Jon's.

14. The two cases have since been consolidated under civil action number CV-2023-903604.

15. On, August 26, 2025, TBIC attempted to intervene in the Underlying Action by filing a Motion to Intervene and a proposed Complaint for Intervention. The court in the Underlying Action did not address TBIC's Motion, neither setting it for a hearing nor entering an Order regarding the motion. TBIC has since moved to withdraw its Motion to Intervene.

16. TBIC seeks a declaration of its rights and obligations (if any) to defend and/or indemnify Jon Pierce in the Underlying Action.

## THE CONTROLLING COMPLAINT

17. The Controlling Complaint in the Underlying Action, The Amended Consolidated Complaint, was filed on July 10, 2025. (Amended Consolidated Complaint, attached here as Exhibit B). The Amended Consolidated Complaint contains the following facts:

> **FACTUAL BACKGROUND**
>
> 7. The incident(s) made the basis of this suit occurred in Birmingham, Jefferson County, Alabama at a building located at 3100 – 9th Avenue North, Birmingham, Alabama 35203.
>
> 8. On or about July 26, 2022, Plaintiff's decedent, WESTMORELAND, was engaged, employed and/or

contracted by Defendant, JON'S, as a landscaper's helper and was working at vacant commercial building located at 3100 – 9th Avenue North, Birmingham, Alabama 35203. Defendant, MAR, was the owner of the premises and acting as the general contractor as was MOBILE FLEET who had control and use of the premises for its garage operations business for heavy truck repair and who also had control as a general contractor for the sub-contractor Defendant, JON'S, and supervising the work being performed at 3100 – 9TH Avenue North, Birmingham, Alabama.

9. On or about January 7, 2022, Defendant, MOBILE FLEET, leased the subject property where the accident occurred, 3100 – 9th Avenue North, Birmingham, Alabama 35203, from Defendant, MAR PROPERTIES, LLC. Defendant, MOBILE FLEET, had control of said premises and was in the process of conducting maintenance and improvements to said location when the fall occurred. Plaintiff's accident occurred on July 26, 2022, while MOBILE FLEET was in control of the subject property for the purpose of operating its heavy truck repair business there. It was also acting as a general contractor making improvement services to the location of the accident that it leased from Defendant, MAR PROPERTIES, LLC.

10. On or about July 26, 2022, employees and/or agents of the Defendants, MAR, MOBILE FLEET, and JON'S negligently and/or wantonly failed to provide fall protection and critical information about the latent dangers on the premises to Plaintiff's decedent, WESTMORELAND. Plaintiff's decedent was exposed to fall hazards while working on the roof system at the commercial building located 3100 – 9TH Avenue North, Birmingham, Alabama. Plaintiff's decedent was not protected from falls, exposing him to a fall of over 30 feet.

11. Specifically, Plaintiff's decedent was not protected from falling through skylights. The skylights were not covered or barricaded in any way. Also, no restraint or retention devices were provided. The Defendants negligently and/or wantonly failed to protect the skylights and failed to develop,

> implement, and/or maintain at the workplace an adequate hazard recognition and communication program. The improperly protected skylight and/or other safety problems were not corrected on or before July 26, 2022, the time of the subject incident. As a result, on July 26, 2022, Plaintiff's decedent, WESTMORELAND, fell through a skylight over 30 feet to his death. He was twenty-seven years old at the time of his death and left a wife and two minor children.

(Ex. B at pp. 3-4).

18. The eight-count Complaint brings several causes of action against Jon Pierce individually. The Complaint asserts claims against Pierce both as a co-employee under Ala. Code § 25-5-11 and under Alabama's Wrongful Death Act, Section 6-5-410. However, the co-employee and negligence/wantonness claims rely on the same set of facts, the bases for which are that Pierce:

- Failed to provide proper instruction and fall-protection;
- Failed to protect, cover, or barricade the skylights;
- Failed to provide, require, or ensure use of restraint or retention devices;
- Failed to develop, implement, and/or maintain an adequate hazard-recognition and safety-communication program for the worksite;
- Negligently, recklessly, and/or wantonly managed, supervised, and controlled the premises and the methods and manner of work performed on the roof;
- Failed to warn of latent dangers associated with the skylights and roof conditions;
- Failed to provide adequate on-site management to ensure proper safety procedures were followed;
- Failed to provide adequate safety training, protocols, and measures (including sufficient safety equipment) for workers expected to be on the roof;
- Exercised the control of the roof premises and the equipment being

used or provided at the time of the incident, including fall-protection devices, yet failed to use or provide them properly;

- Allowed work to be carried out in violation of OSHA standards (referencing 29 CFR 1910 and/or 29 CFR 1926); and
- Failed to correct the unsafe skylight condition and other safety problems on or before July 26, 2022, despite their existence and the hazards they posed.

(*Id.* at pp. 4-18).

19. The Complaint also brings a claim for Breach of Contract against Pierce based on the alleged breach of his contractual duty to provide safety equipment, fall protection devices and/or a safe work environment. (Ex. B at p. 17).

## THE INSURANCE POLICY AT ISSUE[1]

20. TBIC issued a Commercial General Liability Policy, Policy No. 423B002791, with a Policy Period of 05/14/2022 to 05/14/2023, to Jon's Tree Service, LLC (the "TBIC Policy"). (Ex. A at p. 3).

21. The TBIC Policy sets out the trigger of coverage in an Amended Insuring Agreement that reads as follows:

> **AMENDMENT – SECTION I INSURING AGREEMENT**
> […]
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or

[1] In pleading these specific provisions, terms, exclusions, conditions and definitions, TBIC in no way waives its plea that other provisions, terms, exclusions, conditions and/or definitions may be applicable and reserves the right to amend this Complaint. Further, the failure to refer specifically to provisions of the Policy, other principles of law, or specific facts is not intended and does not waive any rights, claims, and/or coverage defenses TBIC may have under the provisions of the Policy and the applicable law.

"property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. […]

[…]

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury' or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

[…]

(Ex. A at p. 35).

22. **SECTION V. DEFINITIONS** of the TBIC Policy includes the following:

**10.** "Leased Worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**19.** "Temporary Worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**20.** "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed by you.

[…]

(*Id.* at pp. 53-56).

23. The TBIC's definition of Employee is contained in an Endorsement, which provides:

> **DEFINITION – EMPLOYEE**
>
> [...]
>
> **D.** "Employee" means a person working for salary or wages, or any substitute for salary or wages, as compensation in any manner by any insured, under contract or hire, express or implied, oral or written, where the insured, as employer, has the power or right to control and direct the employee. "Employee" includes a person hired by the hour, day or any other irregular or intermittent period. "Employee" includes a "leased worker" or "temporary worker."

(*Id.* at p. 32).

24. The TBIC policy contains the following Exclusion for **Workers Compensation And Similar Laws** in **Section I**:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> [...]
>
> **d. Workers' Compensation And Similar Laws**
>
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

(*Id.* at p. 42).

25. The **Employer's Liability Exclusion** is contained in an Amendatory Endorsement, which provides as follows:

> **AMENDMENT–EMPLOYER'S LIABILITY EXCLUSION**
>
> [...]

A. Exclusion **e. Employer's Liability** of **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

This insurance does not apply to:

**e. Employer's Liability**

"Bodily injury" to:

**(1)** Any "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, or seasonal worker of any insured, or a person hired to do work for or on behalf of any insured or tenant of any insured, arising out of and in the course of:

(a) Employment by any insured; or

(b) Directly or indirectly performing duties related to the conduct of any insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee", "leased worker", statutory "employee", casual worker, or seasonal worker as a consequence of Paragraph (1) above.

This exclusion applies:

**1.** Regardless of where the:

**a.** Services are performed; or

**b.** "Bodily injury" occurs;

**2.** Whether any insured may be liable as an employer or in any other capacity; and

**3.** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

[…]

(*Id.* at p. 17).

26. The policy also contains an Exclusionary Endorsement for Injury to Independent Contractors/Subcontractors, which reads as follows

**EXCLUSION – INJURY TO INDEPENDENT**

**CONTRACTORS/SUBCONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to **Paragraph 2. Exclusions of Section I – Coverages:**

**2. Exclusions**

Insurance provided under this Coverage Part does not apply to:

**Injury To Independent Contractors/ Subcontractors**

**a.** Any "bodily injury" or "personal and advertising injury" to:

**(1)** Any "independent contractors/ subcontractors"; or

**(2)** Any "employee" of any "independent contractors/subcontractors"

hired to do work for or on behalf of any insured or any tenant of any insured, that arises out of and in the course of:

**(1)** Employment by any insured; or

**(2)** Directly or indirectly performing duties related to the conduct of any insured's business; or

**b.** The spouse, child, parent, brother or sister of any "independent contractors/ subcontractors" or any "employee" of any "independent contractors/subcontractors" as a consequence of Paragraph **a.** above.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, even if the "occurrence" which caused the "bodily injury" or "personal and advertising injury" involved the rendering of or failure to render any service.

**B.** The following definition is added to the **Definitions**

Section:

> "Independent contractors/subcontractors" as used herein means a person or entity that agrees (orally or in writing) to provide all or some portion of the work or service which you have agreed to perform, regardless of who exercises control over the means or methods used in doing the work or performing the service.

[...]

(*Id.* at p. 18).

**COUNT I**

**DECLARATORY JUDGMENT THAT COVERAGE IS EXCLUDED BY THE WORKERS COMPENSATION AND SIMILAR LAWS EXCLUSION**

27. TBIC re-alleges and incorporates paragraphs 1-26 as if set out fully herein.

28. The policy excludes coverage for "any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or and similar law."

29. The Underlying Complaint brings causes of action against Jon Pierce under a worker's compensation or similar law.

30. Therefore, TBIC submits it is entitled to a declaration that it has no duty to defend or indemnify Jon Pierce for any claim pled "under a workers' compensation or similar law."

**COUNT II**

**DECLARATORY JUDGMENT THAT THE CO-EMPLOYEE CLAIMS**

**AGAINST PIERCE DO NOT CONSTITUTE AN "OCCURRENCE" AND THEREFORE DO NOT TRIGGER COVERAGE UNDER THE TBIC POLICY**

31. TBIC re-alleges and incorporates paragraphs 1-20 as if set out fully herein.

32. Westmoreland brings claims against Jon Pierce as a co-employee under Ala. Code § 25-5-11.

33. To recover for the co-employee claims against Jon Pierce under Ala. Code § 25-5-11(b), Westmoreland must show that the death was a result of Pierce's "willful conduct". "Willful conduct", as that term is defined under Ala. Code 25-5-11(c)(1-4), includes purposeful or intentional conduct. *See* Ala. Code § 25-5-11(c).

34. The TBIC Policy provides coverage for "bodily injury" and "property damage," caused by an "occurrence.". "Occurrence" is defined in the Policy as an "accident including continuous or repeated exposure to substantially the same general harmful conditions."

35. Intentional, willful and purposeful conduct described in Ala. Code. 25-5-11 is not an accident and therefore does not qualify as a an "Occurrence" under the TBIC policy and applicable law.

36. The co-employee claims against Pierce in the Underlying Action do not allege an occurrence, accident, or any unintended or unforeseen events.

37. As a result, TBIC submits it is entitled to a declaration that it has no duty to defend or indemnify Jon Pierce for the co-employee claims because coverage

has not been triggered for these claims under the TBIC Policy.

## COUNT III

## DECLARATORY JUDGMENT THAT COVERAGE IS EXCLUDED UNDER THE TBIC POLICY'S EXCLUSIONARY ENDORSEMENT FOR EMPLOYER'S LIABILITY

38. TBIC re-alleges and incorporates paragraphs 1-37 as if set out fully herein.

39. TBIC has no duty to defend or indemnify Jon Pierce in the Underlying Action because coverage is excluded under the Policy's Exclusionary Endorsement for Employer's Liability.

40. The Employer's Liability exclusionary endorsement precludes coverage for "bodily injury" to (1) any "employee", "leased worker", "temporary worker", "volunteer worker". statutory "employee", casual worker, or seasonal worker of any insured, or a person hired to do work for or on behalf of any insured or tenant of any insured, arising out of and in the course of: (a) employment by any insured; or (b) directly or indirectly performing duties related to the conduct of any insured's business.

41. This exclusion applies regardless of whether any insured may be liable as an employer or in any other capacity.

42. Joshua Westmoreland was an employee of Jon's Tree Service at the time of his death, was working for Jon's and acting on behalf of Jon's at the time of

the accident. Jon's is a named insured on the TBIC policy. Thus, Westmoreland qualifies as an "employee" of "any insured" under the TBIC policy, precluding coverage for "bodily injury" arising out of and in the course of his employment or his performance of duties directly or indirectly related to the conduct of any insured's business.

43. Therefore, for this separate and independent reason, TBIC submits it is entitled to a declaration that it has no duty to defend or indemnify Jon Pierce for any claims presented against him in the Underlying Action under the policy's exclusionary endorsement for Employer's Liability.

**COUNT IV**

**DECLARATORY JUDGMENT THAT COVERAGE IS EXCLUDED UNDER THE TBIC POLICY'S EXCLUSIONARY ENDORSEMENT FOR INJURY TO INDEPENDENT CONTRACTORS/SUBCONTRACTORS**

44. TBIC re-alleges and incorporates paragraphs 1-43 as if set out fully herein.

45. TBIC has no duty to defend or indemnify Jon Pierce in the Underlying Action because coverage is excluded under the Policy's Exclusionary Endorsement for Injury to Independent Contractors/Subcontractors.

46. This exclusionary endorsement excludes coverage for "bodily injury" to any "independent contractors/subcontractors" or any "employee" of any "independent contractors/subcontractors" hired to do work for or on behalf of any

insured that arises out of and in the course of employment by any insured or directly or indirectly performing duties related to the conduct of any insured's business.

47. This exclusion applies despite claims against any insured for negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others, even if the "occurrence" which caused the "bodily injury" or "personal and advertising injury" involved the rendering of or failure to render any service.

48. Even if Westmoreland is not considered an "employee" of Jon's Tree Service, he would qualify as an "independent contractor/subcontractor" or "employee" of an "independent contractor/subcontractor" based on the current allegations.

49. Therefore, for this separate and independent reason, TBIC submits it is entitled to a declaration that it has no duty to defend or indemnify Jon Pierce for any claims presented against him in the Underlying Action under the policy's exclusionary endorsement for Injury to Independent Contractors/Subcontractors.

## COUNT V

## DECLARATORY JUDGMENT THAT PLAINTIFFS' WANTONNESS CLAIMS DO NOT TRIGGER COVERAGE UNDER THE TBIC POLICY

50. TBIC re-alleges and incorporates paragraphs 1-49 as if set out fully herein.

51. The TBIC Policy provides coverage for "bodily injury" and "property damage," caused by an "occurrence.". "Occurrence" is defined in the Policy as an "accident including continuous or repeated exposure to substantially the same general harmful conditions."

52. The Underlying Action brings claims for wantonness against Jon Pierce. "The Alabama Supreme Court has defined wantonness as 'the conscious doing of some act or the omission of some duty which under knowledge of existing conditions and while conscious that, from the act or the omission of such duty, injury will likely be the probable result....'" *Hopson v. United States*, No. 2:17-CV-01070-JEO, 2019 WL 1875358, at *2 (N.D. Ala. Apr. 26, 2019). Westmoreland's wantonness allegations do not constitute an occurrence under the TBIC policy.

53. Based on the foregoing, the wantonness claims in the Underlying Actions do not allege an occurrence, accident, or any unintended or unforeseen events so as to trigger coverage.

54. As a result, TBIC submits it is entitled to a declaration that it has no duty to defend or indemnify Jon Pierce in the wantonness claims because coverage has not been triggered under the TBIC Policy for those claims.

**COUNT VI**

**DECLARATORY JUDGMENT THAT PLAINTIFFS' BREACH OF CONTRACT CLAIM DOES NOT TRIGGER COVERAGE UNDER THE TBIC POLICY**

55. TBIC re-alleges and incorporates paragraphs 1-54 as if set out fully

herein.

56. Westmoreland's breach of contract claim against Pierce does not allege an "occurrence" as that term is defined under the TBIC policy.

57. As a result, TBIC submits it is entitled to a declaration that it has no duty to defend or indemnify Jon Pierce in the breach of contract claim because coverage has not been triggered under the TBIC Policy.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff TBIC requests that this Court grant the following relief:

A. Declare that TBIC does not have a duty to defend Jon Pierce in the Underlying Action under the TBIC Policy;

B. Declare that TBIC does not have a duty to indemnify Jon Pierce for any judgment rendered in favor of the Plaintiffs in the Underlying Action under the TBIC Policy;

C. Declare that there is no coverage under the TBIC Policy for any of the claims asserted in the Underlying Action;

D. Grant TBIC such other, further, or different relief to which it may be entitled.

Respectfully submitted on March 18, 2026,

/s/ Hugh B. Harris

Hugh B. Harris (ASB-6626-A46Z)
Attorney for Plaintiff The Burlington Insurance Company (TBIC)

**SERVICE TO BE INITIATED VIA PROCESS SERVER**

Cameo Nicole Westmoreland as administrator of estate of Joshua Westmoreland
226 COUNTY RD 220
JEMISON, AL 35085

Jon's Tree Service, LLC
PO Box 984
Alabaster, Alabama 35007

Jon Pierce
216 Summer Brook Lane
Alabaster, Alabama 35007

MAR Properties, LLC
4102 Heather Hedge Lane
Birmingham, Alabama 35226

Mobile Fleet Specialists of Birmingham, Inc.
798 Provence Drive
Vestavia, Alabama 35242

*/s/ Hugh B. Harris*
Of Counsel