FILED
2026 Sep-11 PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **THE BURLINGTON INSURANCE COMPANY,** | ) | |
| **Plaintiff** | ) | |
| **VS.** | ) | **2:26-cv-453-ACA** |
| **CAMEO NICOLE WESTMORELAND, AS ADMINISTRATOR OF ESTATE OF JOSHUA WESTMORELAND, JON'S TREE SERVICE, LLC, JON PIERCE, MAR PROPERTIES, LLC, MOBILE FLEET SPECIALISTS OF BIRMINGHAM, INC.** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST JON'S TREE SERVICE, LLC**

Plaintiff, The Burlington Insurance Company ("Plaintiff" or "TBIC"), by and through its undersigned counsel, pursuant to Rule 55 of the Federal Rules of Civil Procedure, respectfully moves this Court for entry of default judgment against Defendant Jon's Tree Service, LLC and in support thereof states as follows:

**INTRODUCTION & PROCEDURAL BACKGROUND**

1. TBIC filed a Complaint for Declaratory Judgment ("Complaint") in this action on March 18, 2026 naming the following Defendants: (a) Cameo Nicole Westmoreland ("Westmoreland"), as the appointed Personal Representative and

Administrator of the Estate of Joshua T. Westmoreland ("Deceased"); (b) Jon's Tree Service, LLC ("Jon's Tree Service"); (c) Jon Pierce ("Mr. Pierce"); (d) MAR Properties, LLC ("MAR"); and (e) Mobile Fleet Specialists of Birmingham, Inc. ("Mobile Fleet"). (ECF No. 1).

2. Westmoreland is the plaintiff in the Underlying Action, styled Westmoreland Cameo Nicole v. Jon's Tree Service, LLC, MAR Properties, LLC, Mobile Fleet Specialists of Birmingham, Inc., Piece, Jon, et al., and assigned 01-CV-2023-903604 (hereinafter "Underlying Action").

3. The Underlying Action is currently pending in the Birmingham Division of Jefferson County, Alabama before the Honorable Tamara Harris Johnson. Defendant Westmoreland was the wife/spouse of the Deceased at the time of his death.

4. TBIC filed the Complaint to seek a declaration of its rights and obligations (if any) to defend and/or indemnify Jon Pierce in the Underlying Action under the respective TBIC Policy. (ECF No. 1).

5. Westmoreland was properly served the Complaint on April 24, 2026 (ECF No. 17) thereby filing her Answer to the Complaint on May 15, 2026. (ECF No. 20).

6. MAR was properly served the Complaint on March 26, 2026 (ECF No. 13) thereby filing its Answer to the Complaint on April 28, 2026 (ECF No. 16).

However, MAR is no longer a party to this litigation as it was voluntarily dismissed with prejudice on May 21, 2026. (ECF No. 24).

7. Mobile Fleet was properly served the Complaint on March 24, 2026 (ECF No. 14) thereby filing its Answer to the Complaint on May 13, 2026. (ECF No. 18).

8. Jon's Tree Service was properly served the Complaint on March 29, 2026. (ECF No. 12).

9. Mr. Pierce was properly served the Complaint on March 29, 2026. (ECF No. 11).

10. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Jon's Tree Service and Mr. Pierce were required to file an answer or otherwise respond to the Complaint within twenty-one (21) days of service, making their responses due on or before April 19, 2026.

11. On June 22, 2026, the Court entered the following TEXT ORDER as more than two (2) months elapsed since proper service, and neither Jon's Tree Service nor Mr. Pierce filed an answer, motion, or any other responsive pleading:

> **TEXT ORDER:** Defendants Jon's Tree Service, LLC and Jon Pierce were both served on March 29, 2026, making their answers due April 19, 2026. Neither Defendant has answered the complaint, but Plaintiff Burlington Insurance Company has not moved for entry of default. Accordingly, the court **ORDERS** Burlington Insurance Company to **SHOW CAUSE,** on or before **June 29, 2026,** why the court should not dismiss its claims

> against Jon's Tree Service, LCC and Mr. Pierce for failure to prosecute.

(ECF No. 27).

12. On June 26, 2026, Plaintiff filed Requests for Entry of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure as to Defendants Jon's Tree Service and Mr. Pierce. (ECF Nos. 28 and 29).

13. On June 29, 2026, Plaintiff filed a Response to the Court's June 26, 2026 Show Cause Order. (ECF No. 31).

14. On July 10, 2026, the Deputy Clerk of the Court filed an Entry of Default against Defendant Jon Pierce. (ECF No. 32).

15. On July 10, 2026, the Deputy Clerk of the Court filed an Entry of Default against Defendant Jon's Tree Service, LLC. (ECF No. 33).

16. Defendant Jon's Tree Service, LLC has therefore failed to plead or otherwise defend this action within the meaning of Rule 55 of the Federal Rules of Civil Procedure. Accordingly, default judgment against it is appropriate.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, when a party against whom affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default. Fed. R. Civ. P. 55(a). Following entry of default, the Court may enter default judgment against the defaulting party. Fed. R. Civ. P. 55(b). "Entry of default judgment is only

warranted when there is a sufficient basis in the pleadings for the judgment entered, which means that the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." State Nat'l Ins. Co., Inc. v. Treadwell, No. 2:24-CV-1424-HDM, 2025 WL 3723457, at *2 (N.D. Ala. Dec. 23, 2025) quoting Surtain v. Hamlin Terrace Found, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotation marks omitted). "When a defendant defaults, it admits the plaintiff's well-pleaded allegations of fact." State Nat'l, at *2 (N.D. Ala. Dec. 23, 2025) quoting Giovanno v. Fabec, 804 F.3d 1361, 1366 (11th Cir. 2015) (internal quotation marks omitted).

## ARGUMENT

Entry of default judgment against Jon's Tree Service is warranted under Federal Rule of Civil Procedure 55(b) because it was properly served, failed to plead or otherwise defend within the time permitted, and the well-pleaded allegations of the Complaint establish a sufficient basis for the declaratory relief sought.

Rule 55(a) provides that default must be entered where a defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Here, the record establishes that both Jon's Tree Service and Mr. Pierce were properly served with the Summons and Complaint on March 29, 2026. (ECF Nos. 11, 12). Despite the passage of more than twenty-one (21) days since successful service of process, neither Jon's Tree Service nor Mr. Pierce has filed an answer, motion, or any responsive pleading. On July 10,

2026, The Clerk of Court entered the Entry of Default as to both Jon Pierce and Jon's Tree Service. Accordingly, Rule 55(a) has been satisfied.

The next step of the two-step process falls under Rule 55(b). TBIC's Complaint seeks a declaration regarding insurance coverage obligations owed, if any, to Mr. Pierce arising out of the Underlying Action of the Deceased. By failing to respond, Jon's Tree Service has admitted the material allegations concerning the employment status of Westmoreland, the TBIC policy, and the absence of coverage under its terms and exclusions as alleged in the Complaint. Because those admitted facts establish that Plaintiff owes no duty to defend or indemnify Mr. Pierce, there is a sufficient legal basis in the pleadings to support a default judgment.

## CONCLUSION

Jon's Tree Service was properly served and has failed to respond within the time required by law. Because it has not appeared, and because Plaintiff is entitled to relief based on the allegations in the Complaint, default judgment is appropriate under Rule 55(b). Accordingly, Plaintiff respectfully requests that the Court grant this Motion and an award Plaintiff all the requested relief set forth in the Complaint.

WHEREFORE, Plaintiff, The Burlington Insurance Company, respectfully requests that this Court:

1. Enter default judgment against Defendant Jon's Tree Service, LLC.

2. Deem the well-pleaded allegations of the Complaint admitted as to Jon's Tree Service, LLC and Jon Pierce.

3. Declare that TBIC has no duty to defend Jon Pierce in the Underlying Action under the TBIC policy.

4. Declare that TBIC does not have a duty to indemnify Jon Peirce for any judgment rendered in favor of the Plaintiffs in the Underlying Action under the TBIC policy.

5. Declare that there is no coverage for Jon Peirce under the TBIC Policy for any of the claims asserted in the Underlying Action.

6. Grant TBIC such other, further, or different relief to which it may be entitled.

Respectfully submitted,

/s/ *Hugh B. Harris*
Hugh B. Harris (ASB-6626-A46Z)
Elza A. Grigoryan (ASB-1284-A42H)
*Attorneys for Plaintiff The Burlington Insurance Company (TBIC)*

OF COUNSEL:
**WICKER SMITH O'HARA MCCOY & FORD P.A.**
505 North 20th Street, Suite 1111
Birmingham, Alabama 35203
Phone: 205-776-9000
Fax: 205-776-9099
Email: hharris@wickersmith.com
egrigoryan@wickersmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2026, I served the foregoing Motion For Entry of Default Judgment upon all parties or counsel of record using the CM/ECF system. I further certify that a copy was mailed to the following Defendants at their last known addresses:

Jon's Tree Service, LLC
c/o Jon Pierce
216 Summer Brook Ln
Alabaster, AL 35007-5184

Jon Pierce
216 Summer Brook Ln
Alabaster, AL 35007-5184

Keith T. Belt, Jr. (ASB-6843-T79K)
W. Ryan Myers (ASB-1040-A16P)
**BELT, BRUNER & BARNETT PC**
880 Montclair Road, Suite 300
Birmingham, AL 35213
keithb@beltlawfirm.com
ryanm@beltlawfirm.com

Robert R. Riley, Jr. (ASB-8310-Y75R)
James E. Murrill, Jr. (ASB-4329-A57M)
**RILEY & JACKSON PC**
3530 Independence Drive
Birmingham, AL 35209
jay@rileyjacksonlaw.com
rob@rileyjacksonlaw.com

/s/ *Hugh B. Harris*
Of Counsel